26 F.3d 139
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Shelia GARRETT, Petitioner,
v.
DEPARTMENT OF the AIR FORCE, Respondent.
 No. 93-3530.
 United States Court of Appeals, Federal Circuit.
 April 19, 1994.
Rehearing Denied July 5, 1994.
 
 Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and NEWMAN, Circuit Judge.
 PAULINE NEWMAN, Circuit Judge.
 
 
 1
 Sheila Garrett petitions for review of the decision of the Merit Systems Protection Board, Docket No. DEO432930085-I-1, affirming her demotion by the Air Force from the position of Secretary (Office Automation), GS-5, at Williams Air Force Base, to the position of Training Review Board Clerk, GS-4, at the same facility. We affirm the decision of the Board.
 
 
 2
 Petitioner was demoted, after a performance improvement period, for failing to meet the standards in two critical elements of her performance appraisal. She alleges that one of these elements sets a standard which is impermissible as a matter of law, and that her failure to perform satisfactorily in the other is unsupported by substantial evidence. Petitioner also challenges the reliability of other items admitted into evidence below, asserting, e.g., that some of the documents presented were not her final work product or not her product at all.
 
 
 3
 The Board must affirm the agency's determination that an employee failed to meet a performance standard if it finds that determination is supported by substantial evidence. We must affirm the Board's action unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c). Since the Board based its affirmance of the agency's action on Petitioner's failure to perform satisfactorily in two critical areas, we will affirm the determination of the Board if it correctly sustained the agency action with respect to either one. 5 U.S.C. Sec. 4301-03. See also Lovshin v. Department of the Navy, 767 F.2d 826 (Fed.Cir.1985) (en banc ) (failure to meet standard in one critical area sufficient to sustain agency action).
 
 
 4
 A critical element was the item: "Maintains and schedules settings and appointments on hospital calendar." A sub-element was the requirement that the "hospital calendar of events must be completed and distributed 90 days in advance." The Agency provided substantial evidence that Petitioner failed to meet the ninety-day requirement, or the sixty-day requirement to which the agency had relaxed the standard. Petitioner argues that this critical element is improper because it sets an absolute standard. She cites Callaway v. Dept. of the Army, 23 M.S.P.R. 592 (1984), for the proposition that such standards "generally constitute an abuse of discretion." Id. at 599.
 
 
 5
 The standard requiring that the hospital calendar of events be issued ninety days in advance is not an improper standard. Although the Board in Callaway correctly criticized absolute standards because they leave no room for error and provide no opportunity to exceed the minimal requirement, that case also recognized that such standards are sometimes necessary and their shortcomings can be ameliorated by other, non-absolute standards in the performance plan. The Board, in Callaway, upheld a performance standard whereby one instance of discourtesy by a receptionist in a mental health clinic constituted a failure to perform satisfactorily.
 
 
 6
 Meeting a deadline for the production of an events calendar is a reasonable requirement for a hospital to make of a secretary. The agency need not permit an occasional failure in a task which is performed only once a month. Apparently this deadline was not met during the performance improvement period. The Board did not err when it sustained the agency's action based on Petitioner's failure to meet this critical factor of her performance plan.
 
 
 7
 The other critical factor was: "Types correspondence ... using electronic/memory typewriting and micro-computer office machines." This item required that Petitioner meet her supervisor's deadlines with no more than one lateness per month, and type at a level of accuracy indicated by an average of at most one mistake every two pages. Before the Board, the agency produced documents that Petitioner had typed which had more errors than the standard permitted. The administrative judge found these documents to constitute substantial evidence, and sustained the agency's action.
 
 
 8
 Petitioner contends that these documents are not probative of whether she met the accuracy standard because there was no evidence before the Board that the documents were representative of her work as a whole, citing Ryerson v. Department of the Army, 35 M.S.P.R. 123 (1987). Ryerson holds:
 
 
 9
 The performance standard for critical element four required the appellant to implement changes "correctly, expeditiously and ... within established timeframes 90% of the time." While an agency is not required to provide an accounting of every item of work in order to prove unacceptable performance with respect to a critical element with a percent requirement, the agency must, at a minimum, establish some methodology for selecting the examples of alleged unacceptable performance so that a reasonable person might conclude that the appellant's performance fell below the critical element's percent standard. See Player v. Veterans Administration, 32 M.S.P.R. 448, 451-52 (1987).
 
 
 10
 Id. (one citation omitted).
 
 
 11
 Respondent presented no evidence or argument of how the documents were selected or that they are representative of Petitioner's work, but urges us to apply the accuracy standard to each work product individually. The fact that entire pieces of correspondence were presented, Respondent states, satisfies the pattern of selection mandated by Ryerson and Player.
 
 
 12
 Respondent's position is not reasonable, and indeed it would render Player and Ryerson meaningless. Respondent's position would change the standard from an overall average of one error per two pages to the much stricter standard of no document with more than one error per two pages. We must conclude that there was not substantial evidence to support the agency's decision as to this standard.
 
 
 13
 However, the agency met its burden as to the calendar element. The Board's error in not establishing that the documents were representative of Petitioner's work does not change the result.
 
 
 14
 Finally, Petitioner argues that the agency failed to provide adequate assistance during the performance improvement period, that some of the documents introduced into evidence did not represent her final work product or were done by others, that witnesses lied, and that some of the evidence introduced was fraudulent. All of these allegations are essentially challenges to credibility determinations made by the administrative judge. Since there was substantial evidence to support the administrative judge's determinations, they must be sustained.
 
 
 15
 The Board correctly found that the agency met its burden of proving that Petitioner failed to meet the standard in one critical area of her performance appraisal. We affirm the decision of the Board.